# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant KENDRELL J. MARSHALL**
**United States Army, Appellant**

ARMY 20131026

Headquarters, United States Army South
Randall Fluke, Military Judge
Lieutenant Colonel Daniel P. Saumur, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Jonathan F. Potter, JA; Captain Brian D. Andes, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major A.G. Courie III, JA; Major Daniel D. Derner, JA; Major Daniel M. Goldberg, JA (on brief).

5 November 2015

------------------------------------
SUMMARY DISPOSITION
------------------------------------

PENLAND, Judge:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of aggravated sexual assault of a child on divers occasions, indecent liberties with a child, aggravated sexual abuse of a child, and indecent language communicated to a child under sixteen years, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 (2006 & Supps. I-V) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for 296 months, and reduction to the grade of E-1.  In accordance with a pretrial agreement, the convening authority approved three years of confinement and the remainder of the adjudged sentence.

We review this case under Article 66, UCMJ.  Appellant raises one assignment of error, which the government concedes, and we grant relief thereon. Moreover, we grant additional relief based on a matter not raised by the parties.  We

MARSHALL — ARMY 20131026

have also considered the matter personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); it lacks merit.

## DISCUSSION

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.* (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We apply this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.*; *see also* UCMJ art. 45(a); Rule for Courts-Martial [hereinafter R.C.M.] 910(e).

### A. Specification 2, Charge I

Appellant argues, and the government concedes, the military judge elicited insufficient facts in support of appellant's plea of guilty to Specification 2 of Charge I, indecent liberties with a child, in violation of Article 120, UCMJ. This specification charged appellant with tickling his stepdaughter, TG, "over her shirt and taking her pants off, with the intent to arouse [his] sexual desire . . . ." It is apparent from the stipulation of fact that this charged offense arose from an incident in November 2009, and that appellant desisted from his lewd conduct that night after his wife called to him from another room and unwittingly interrupted his advances. However, during the providence inquiry into this offense, appellant described a separate incident, one in December 2009, which began with his prurient tickling of TG and ended with him sexually assaulting her. Plainly put, appellant's providence inquiry included no meaningful discussion of the specific misconduct charged in Specification 2 of Charge I; nonetheless, he was convicted of that offense by the military judge.

### B. The Specification of Charge III

Though not raised by the parties, we also note error with respect to Charge III and its Specification. This specification alleges appellant communicated indecent language to TG. The language was inarguably indecent under the law. However, while appellant adequately described the discredit it tended to bring upon the armed forces, he wholly failed to describe how it was prejudicial to good order and discipline in the armed forces. We recognize the significant extent to which appellant's indecent language may have prejudiced the well-being and readiness in an Army family. But appellate review is not the phase at which such prejudice may be first identified. In a guilty plea, an appellant must recognize and describe it at trial.

2

**CONCLUSION**

The finding of guilty of Specification 2 of Charge I is set aside and that specification is DISMISSED. Further, we dismiss the language "to the prejudice of good order and discipline in the armed forces and" from the Specification of Charge III. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986), the sentence is AFFIRMED. The gravamen of the case—appellant's serial child sex abuse—and the aggravation evidence remain unchanged, and we are confident that absent the errors, the military judge's sentence would have been at least as severe as that which the convening authority approved.

All rights, privileges, and property, of which appellant has been deprived by virtue of the portions of the findings set aside by this decision are ordered restored.

Senior Judge HAIGHT and Judge WOLFE concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court